**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| HARVEY JAMISON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-26-GMS |
| | ) | |
| RENT-A-CENTER, INC., | ) | |
| | ) | |
| Defendant. | ) | |

<u>**OPENING BRIEF IN SUPPORT OF**</u>
<u>**DEFENDANT'S MOTION TO DISMISS**</u>

Jennifer C. Jauffret (#3689)
Jauffret@rlf.com
Kelly A. Green (#4095)
Green@rlf.com
Richards, Layton & Finger
One Rodney Square
P. O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
Attorneys for Defendant

Dated: June 23, 2005

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ........................................................................... ii

NATURE AND STAGE OF PROCEEDINGS ............................................................1

SUMMARY OF THE ARGUMENT .......................................................................3

STATEMENT OF FACTS ...................................................................................4

      1.    The Parties. .....................................................................................4

      2.    Plaintiff Lacks A Federal Right To Sue Letter. .........................................4

      3.    Plaintiff Is Subject To A Valid Arbitration Agreement............................5

      4.    Plaintiff's Claims Are Covered By The Arbitration Agreement.................7

ARGUMENT....................................................................................................8

I.    THIS COURT LACKS JURISDICTION TO HEAR THE PRESENT
    CLAIM AS PLAINTIFF HAS FAILED TO EXHAUST THE REQUIRED
    ADMINISTRATIVE REMEDIES. ...............................................................8

    A.    Plaintiff Has Not Exhausted The Federal Administrative Process. ..................8

II.    IN THE ALTERNATIVE, IN THE EVENT THIS COURT DETERMINES
    PLAINTIFF HAS EXHAUSTED THE REQUIRED ADMINISTRATIVE
    PROCESS, THIS COURT SHOULD DISMISS THE ACTION BECAUSE
    ARBITRATION IS REQUIRED PURSUANT TO THE PARTIES'
    BINDING ARBITRATION AGREEMENT. ...............................................9

    A.    Federal Law And Policy Strongly Favors Arbitration......................9

    B.    Arbitration Is The Appropriate Avenue Of Relief..........................10

    C.    The Present Action Should Be Dismissed. ...................................12

CONCLUSION.................................................................................................14

RLF1-2889213-4

# TABLE OF AUTHORITIES

## CASES

All Pro Maids, Inc. v. Layton,
2004 WL 1878784 (Del. Ch. Aug. 9, 2004) ...............................................................10

AppForge, Inc. v. Extended Sys., Inc.,
2005 WL 705341 (D. Del. Mar. 28, 2005) .................................................................10

Armstrong World Indus., Inc. v. Robert Levin Carpet Co.,
1999 WL 387329 (E.D. Pa. May 20, 1999)...................................................................5

Becker Autoradio U.S.A, Inc. v. Becker Autoradiowerk GmbH,
585 F.2d 39 (3d Cir. 1978).........................................................................................11

Capital Leasing Co. v. Fed. Deposit Ins. Corp.,
999 F.2d 188 (7th Cir. 1993) .......................................................................................4

Circuit City Stores, Inc. v. Adams,
532 U.S. 105 (2001).............................................................................................10, 12

EEOC v. Waffle House, Inc.,
122 S. Ct. 754 (2002)..................................................................................................11

Evans v. Hudson Coal Co.,
165 F.2d 970 (3d Cir. 1948).........................................................................................4

Fullman v. Philadelphia Int'l Airport,
49 F. Supp. 2d 434 (E.D. Pa. 1999) .............................................................................8

Gilmer v. Johnson/Interstate Lines Corp.,
500 U.S. 23 (1991)................................................................................................11, 13

Great W. Mortgage Corp. v. Peacock,
110 F.3d 222 (3d Cir. 1997)........................................................................................10

Jacobsen v. J.K. Pontiac GMC Truck, Inc.,
2001 U.S. Dist. LEXIS 20393 (N.D. Ill. Dec. 7, 2001) ...............................................4

John Hancock Mut. Life Ins. Co. v. Olick,
151 F.3d 132 (3d Cir. 1998)........................................................................................10

McDonnell Douglas Corp. v. Green,
411 U.S. 792 (1973)......................................................................................................8

Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.,
473 U.S. 614 (1985)......................................................................................................9

ii

Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,
460 U.S. 1 (1983)..................................................................................................9, 11

Pelegrin v. United States Filter Corp.,
1998 WL 175880 (D. Del. Mar. 31, 1998) ...............................................................13

Pullella v. Super Fresh Food Markets, Inc.,
2004 WL 1739716 (D. Del. July 28, 2004) .............................................................8, 9

Seus v. John Nuveen & Co., Inc.,
146 F.3d 175 (3d Cir. 1998)......................................................................................12

Smith v. Equitable,
209 F.3d 268 (3d Cir. 2000), abrogated on other grounds by,
Green Tree Fin. Corp. - Alabama v. Randolph,
531 U.S. 79 (2000)....................................................................................................12

Thornburg v. PAK 2000,
2004 WL 234650 (D. Del. Feb. 2, 2004) ...........................................................10, 13

Willis v. Dean Witter Reynolds, Inc.,
948 F.2d 305 (6th Cir. 1991) ....................................................................................12

Wright v. Pepsi Cola Co.,
243 F. Supp. 2d 117 (D. Del. 2003)........................................................................8, 9

## STATUTES

9 U.S.C. § 2...............................................................................................................10

42 U.S.C. § 2000(e)-5(e)(1)........................................................................................8

42 U.S.C. § 2000(e)-5(f)(1) ........................................................................................8

RLF1-2891764-1

## NATURE AND STAGE OF PROCEEDINGS

Plaintiff Harvey P. Jamison ("Plaintiff") filed the complaint instituting this action on January 18, 2005 ("Complaint"). (D.I. 1). The Complaint alleges claims arising out of Plaintiff's employment with and termination from Rent-A-Center, Inc. ("Rent-A-Center") on March 4, 2004. (Compl. Exhibits).

Plaintiff filed a Charge of Discrimination with the Department of Labor of the State of Delaware ("DDOL") and the Equal Employment Opportunity Commission of the United States ("EEOC"). (Compl. Exhibits). In the Charge, Plaintiff claimed he was discriminated against in violation of Title VII of the Civil Rights Act of 1964, as amended, the Americans with Disabilities Act of 1991, as amended, the Delaware Handicapped Persons in Employment Protections Act, and the Delaware Discrimination in Employment Act, based upon his race and alleged disability. On October 22, 2004, the DDOL Division of Industrial Affairs issued its Final Determination and Right to Sue Notice which contained a No Cause determination. Plaintiff attached the DDOL Right to Sue Letter to his present Complaint. However, Plaintiff failed to attach the requisite Right to Sue Letter from the EEOC to support federal jurisdiction. Plaintiff cannot cure such deficiency because the Right to Sue Letter from the EEOC has not yet been issued.

As such, Rent-A-Center moves to dismiss this Complaint on the grounds that Plaintiff has not exhausted administrative proceedings, as the EEOC has not issued him the required Right to Sue Letter. Therefore, the Court lacks jurisdiction to determine this matter.

In the alternative, Rent-A-Center seeks to dismiss the present action as Plaintiff has a clear and unambiguous obligation to arbitrate which arose when he entered into a Mutual Agreement to Arbitrate Claims ("Arbitration Agreement") with Rent-A-Center. Specifically,

-1-

Rent-A-Center moves for an order dismissing the Complaint due to lack of subject matter jurisdiction.

RLF1-2889213-4

## SUMMARY OF THE ARGUMENT

1.    Plaintiff has failed to exhaust the necessary administrative proceedings prior to filing this case, and therefore the Court lacks jurisdiction to decide the claim.

2.    In the alternative, upon application by a party, the Federal Arbitration Act, 9 U.S.C. § 1 et seq. (1999) (the "FAA"), requires that the Court dismiss litigation involving claims contracted by the parties to be arbitrated.  Because parties entered into a written arbitration agreement, this Court lacks jurisdiction to decide this action.

-3-

## STATEMENT OF FACTS

### 1.    The Parties.

Plaintiff is an individual who resides at 4 Nethy Drive, Newark, Delaware 19711. (Compl. ¶ 2).   He is a former employee of Rent-A-Center and was terminated from his employment there on March 4, 2004.  (Compl. ¶¶ 5, 10; Compl. Exhibits).  Plaintiff alleges his treatment at and termination from Rent-A-Center was due to race and disability discrimination. (Compl. ¶ 10).

Plaintiff alleges Rent-A-Center has a service center which is located at 230 Executive Drive, Newark, Delaware 19711 at which Plaintiff was employed.  (Compl. ¶ 3).  Rent-A-Center is a rent-to-own company that rents household goods to consumers.  (Crump Aff. ¶ 3).[1]  Rent-A-Center is engaged in interstate commerce through the sale and shipment of products, interstate communications and the purchase of equipment.  (Crump Aff. at ¶ 3).

### 2.    Plaintiff Lacks A Federal Right To Sue Letter.

Plaintiff filed his Complaint on January 18, 2005 and alleged he had a Right to Sue Letter from the EEOC.   (Compl. ¶ 9).   Plaintiff alleged the EEOC Right to Sue Letter was dated October 22, 2004.  Plaintiff then attached a Right to Sue Letter, upon which he was relying, to the Complaint. (Compl. ¶ 9; Compl. Exhibits).

---

[1] In deciding a motion to dismiss based on subject matter jurisdiction, this Court may consider the facts presented in attached exhibits to the motion to dismiss. Evans v. Hudson Coal Co., 165 F.2d 970, 971-72 (3d Cir. 1948)(examining contracts not alleged in complaint on a motion to stay pending arbitration). The Court may consider these exhibits because the Third Circuit has ruled that in the presence of an agreement to arbitrate, the court is, "pending arbitration, deprived of jurisdiction of the subject matter." Evans, 165 F.2d at 972; see also Jacobsen v. J.K. Pontiac GMC Truck, Inc., 2001 U.S. Dist. LEXIS 20393, at *2 n.1 (N.D. Ill. Dec. 7, 2001) ("Courts treat motion to compel arbitration as assertions that they are deprived of subject matter jurisdiction during the course of arbitration."); Capital Leasing Co. v. Fed. Deposit Ins. Corp., 999 F.2d 188, 191 (7th Cir. 1993) (holding that the court may look beyond allegations found in the complaint to submitted evidence when deciding whether jurisdiction exists).

-4-

The Right to Sue Letter attached to the Complaint by Plaintiff was indeed dated October

22, 2004, but was issued by the DDOL, not the EEOC. (Compl. Exhibit). The Notice of Rights

in the Delaware Right to Sue Letter advised Plaintiff he could either appeal the DDOL decision

with the EEOC or request an EEOC Right to Sue Letter.[2] (Exhibit A). Further, Plaintiff was

informed that he could file suit with the federal court within 90 days of his receipt of the EEOC

Right to Sue Letter. Id.

### 3.    Plaintiff Is Subject To A Valid Arbitration Agreement.

When Plaintiff was hired by Rent-A-Center he signed an Arbitration Agreement. (Crump

Aff. Exhibit A at 4). The Arbitration Agreement provided, "Except as provided in this

Agreement, the Federal Arbitration Act shall govern interpretation, enforcement, and all

proceedings pursuant to this Agreement." (Crump Aff. Exhibit A at 1). The Arbitration

Agreement expressly provided:

> The Company and I mutually consent to the resolution by
> arbitration of all claims or controversies ("claims"), past, present or
> future, whether or not arising out of my application for
> employment, assignment/employment, or the termination of my
> assignment/employment that the Company may have against me or
> that I may have against any of the following: (1) the Company, (2)
> its officers, directors, employees or agents in their capacity as such
> or otherwise, (3) the Company's parent, subsidiary and affiliated
> entities, (4) the benefit plans or the plans' sponsors, fiduciaries,
> administrators, affiliates, and agents, and/or (5) all successors and
> assigns of any of them.

(Crump Aff. Exhibit A at 1). The Arbitration Agreement is broad in scope and covers all

employment related claims, specifically providing:

---

[2] Plaintiff attached a partial copy of the DDOL Right to Sue Letter to his Complaint. In instances when a plaintiff attaches a partial document to the court in a complaint, the court may consider the document in its entirety on a motion to dismiss. See Armstrong World Indus., Inc. v. Robert Levin Carpet Co., 1999 WL 387329, at *1, n.1 (E.D. Pa. May 20, 1999) (considering missing pages to a document on a motion to dismiss).

> The claims covered by this Agreement include, but are not limited to: claims for wages or other compensation due; claims for breach of any contract or covenant (express or implied); tort claims; claims for discrimination (including, but not limited to <u>race</u>, sex, sexual harassment, sexual orientation, religion, national origin, age, workers' compensation, marital status, <u>medical condition, handicap or disability</u>); claims for benefits (except claims under an employee benefit or pension plan that either (1) specifies that its claims procedure shall culminate in an arbitration procedure different from this one, or (2) is underwritten by a commercial insurer which decides claims); and claims for violation of any federal, state or other governmental law, statute, regulation, or ordinance, except claims excluded in the section of this Agreement entitled "Claims Not Covered by the Agreement."

<u>Id.</u> (emphasis supplied).

Importantly, Plaintiff agreed to waive his right to sue in favor of arbitration as follows:

> Except as otherwise provided in this Agreement, <u>both the Company and I agree that neither of us shall initiate or prosecute any lawsuit</u> or administrative action (other than an administrative charge of discrimination to the Equal Employment Opportunity Commission, or a similar fair employment practices agency, or an administrative charge within the jurisdiction of the National Labor Relations Board) in any way related to any claim covered by this Agreement.

<u>Id.</u> (emphasis added). Towards that end, the parties agreed to submit any disputes to either the American Arbitration Association, Judicial Arbitration and Mediation Services/Endispute, or any other service to which the parties agree. (Crump Aff. Exhibit A at 2). The Arbitration Agreement also sets forth the procedures to be followed in relation to the arbitration. (<u>Id.</u> at 2-3). Further, Plaintiff expressly waived his right to a jury trial. (<u>Id.</u> at 4). Finally, the parties specifically contemplated that "either party may bring an action in any court of competent jurisdiction to compel arbitration under this agreement and to enforce an arbitration award." (<u>Id.</u> at 3).

**4.    Plaintiff's Claims Are Covered By The Arbitration Agreement.**

Plaintiff's claims all stem from his employment with, and termination from, Rent-A-Center.  Specifically, in Plaintiff's Complaint he alleges that he was discriminated against on the basis of his race and an alleged disability.  (Compl. ¶ 10).  In his Complaint, he states he was treated differently because of his race in relation to bereavement leaves and that he was terminated from employment improperly because of his race.  (Compl. ¶ 10). He also alleges he was required to take a company physical in relation to his alleged inability to engage in certain activities and that he was terminated from employment after the results from the physical were supplied from his doctor to Rent-A-Center.  (Compl. ¶ 10).

Similarly, Plaintiff's allegations contained within the Charge of Discrimination, dual-filed with the EEOC and DDOL, are all allegations of discrimination.   (Compl. Exhibits).   In particular, Plaintiff alleged the following claims of discrimination:

> I believe that I have been discriminated against in violation of Title VII of the Civil Rights Act of 1964, as amended, the Americans with Disabilities Act of 1991, as amended, the Handicapped Persons in Employment Protections Act and the Delaware Discrimination in Employment Act based on my race (black) and my disability because:  1. Respondent's decision to terminate me was based on false accusations; 2. Respondent terminated Jermaine Eason (black, Technician) and myself for engaging in a conversation about a competitor, while Greg P. who also participated in the conversation was not disciplined; 3. Respondent was made aware of my disability during my interview, however his decision to terminate me was based on my restrictions as a pre-text to racial discrimination; 4. Respondent granted 3 days bereavement privileges to Greg P. (Hispanic) and insisted that I receive only 1 day while the company policy states 3 days; 5. Respondent terminated me without due process.

(Compl.  Exhibits).    Accordingly,  all  of  Plaintiff's  claims  are  subject  to  the  Arbitration Agreement.

**ARGUMENT**

I.   **THIS COURT LACKS JURISDICTION TO HEAR THE PRESENT CLAIM AS PLAINTIFF HAS FAILED TO EXHAUST THE REQUIRED ADMINISTRATIVE REMEDIES.**

Certain requirements must be met in order for a plaintiff to sustain a Title VII action. "As a prerequisite to a valid Title VII claim, a plaintiff must file a charge of discrimination with the EEOC and show that he has received a right to sue letter." Wright v. Pepsi Cola Co., 243 F. Supp. 2d 117, 122 (D. Del. 2003) (dismissing plaintiff's discrimination count of complaint for failure to show that he had received a right to sue letter from the EEOC); see also 42 U.S.C. § 2000(e)-5(e), 5(f)(1); McDonnell Douglas Corp. v. Green, 411 U.S. 792, 798 (1973); Fullman v. Philadelphia Int'l Airport, 49 F. Supp. 2d 434, 442-43 (E.D. Pa. 1999).

Similarly, a plaintiff must show that he has exhausted the required administrative procedures with respect to his ADA disability discrimination claim. If a plaintiff does not meet the requirements of filing an ADA claim with the proper administrative agency and exhaust all administrative remedies, his ADA claim cannot stand. See Pullella v. Super Fresh Food Markets, Inc., 2004 WL 1739716, at *8 (D. Del. July 28, 2004) (citing 42 U.S.C. § 2000(e)-5(e)(1)) (granting summary judgment on plaintiff's ADA claims for failure to exhaust administrative remedies).

A.   **Plaintiff Has Not Exhausted The Federal Administrative Process.**

Plaintiff alleges in his Complaint that he was issued an EEOC Right to Sue Letter on October 22, 2004. (Compl. ¶ 9). However, he did not attach the EEOC Right to Sue Letter to the Complaint. Rather, he attached the DDOL Right to Sue Letter of October 22, 2004. (Compl. Exhibit and Exhibit A). This discrepancy is important for determining federal jurisdiction. The DDOL Right to Sue Letter cannot support federal jurisdiction. In fact, the DDOL Right to Sue Letter contains specific information entitled "Notice of Federal Rights." (Exhibit A). For

-8-

example, the DDOL Right to Sue Letter specifically informed Plaintiff that he had appeal rights with the EEOC and that he could "request a federal Right to Sue Notice from the EEOC." (Exhibit A).  Further, he was informed that if he made such a request, the "EEOC will issue you a Notice of Right to Sue and you will have ninety (90) days to file suit."  (Exhibit A).

Nonetheless, Plaintiff has failed to allege that he requested a federal Right to Sue Letter and has failed to attach the needed federal Right to Sue Letter to the Complaint.  In place of the required federal Right to Sue Letter, he attached a Right to Sue Letter issued solely by the State of Delaware, which is inadequate to grant him the right to proceed in federal court.  As such, Plaintiff has not exhausted his administrative remedies in order to bring his action in federal court, and therefore his Complaint must be dismissed.  See Wright, 243 F. Supp. 2d at 122; Pullella, 2004 WL 1739716, at *8.

Plaintiff is not prejudiced from a dismissal of this action.  As discussed below, he signed a valid Arbitration Agreement under which he can vindicate his rights.

**II.     IN THE ALTERNATIVE, IN THE EVENT THIS COURT DETERMINES PLAINTIFF HAS EXHAUSTED THE REQUIRED ADMINISTRATIVE PROCESS, THIS COURT SHOULD DISMISS THE ACTION BECAUSE ARBITRATION IS REQUIRED PURSUANT TO THE PARTIES' BINDING ARBITRATION AGREEMENT.**

**A.     Federal Law And Policy Strongly Favors Arbitration.**

Federal law recognizes a strong public policy in favor of arbitration.  Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983) ("[Q]uestions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration"); Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 631 (1985) (describing federal policy in favor of arbitration as "emphatic").  This policy is codified in the Federal Arbitration Act, 9 U.S.C. § 1 et seq. (1999) ("FAA"), which governs the enforcement, validity, and interpretation of arbitration clauses in contracts relating to employment, such as the one at issue

-9-

in the present case. See Circuit City Stores, Inc. v. Adams, 532 U.S. 105, 105-106 (2001) (applying FAA and compelling arbitration of employment discrimination action); Great W. Mortgage Corp. v. Peacock, 110 F.3d 222 (3d Cir. 1997) (applying FAA to employment discrimination claims and affirming order to compel arbitration). Section 2 of the FAA provides in relevant part that a "written provision in ... a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. As such, "'[n]othing short of a showing of fraud, duress, mistake' or some other compelling ground to invalidate a contract will permit a court to preclude the enforceability of an agreement to arbitrate." Thornburg v. PAK 2000, 2004 WL 234650, at *1 (D. Del. Feb. 2, 2004).

### B.    Arbitration Is The Appropriate Avenue Of Relief.

In deciding whether arbitration is appropriate, the Court must consider: "(1) Did the parties seeking or resisting arbitration enter into a valid arbitration agreement? (2) Does the dispute between those parties fall within the language of the arbitration agreement?" John Hancock Mut. Life Ins. Co. v. Olick, 151 F.3d 132 (3d Cir. 1998).

First, Plaintiff entered into the valid Arbitration Agreement with Rent-A-Center. (Crump Aff. ¶ 4). An arbitration agreement is judged under the same standards as other contracts. AppForge, Inc. v. Extended Sys., Inc., 2005 WL 705341, at *4 (D. Del. Mar. 28, 2005). Under Delaware law, a contract is formed when there is mutual assent and consideration. All Pro Maids, Inc. v. Layton, 2004 WL 1878784, at *3 (Del. Ch. Aug. 9, 2004). Here, Rent-A-Center's Arbitration Agreement and Plaintiff's acceptance of that agreement by signing it demonstrates an agreement by the parties to be bound by its terms. (Crump Aff. Exhibit A at 4). Additionally, the parties explicitly recognized that their mutual promises set forth in the Arbitration Agreement

-10-

were consideration for the agreement.  Id.  Rent-A-Center agreed to employ Plaintiff and to submit claims arising out of Plaintiff's employment and termination to arbitration.  As such, Plaintiff received consideration in the form of (1) employment, (2) "a speedy, impartial, final, and binding dispute resolution procedure," and (3) Rent-A-Center's consent to resolve any covered claims Rent-A-Center may have against Plaintiff by arbitration.  (Crump. Aff. Exhibit A at 1, 4).  In turn, Plaintiff agreed to work for Rent-A-Center and to submit employment-related claims to arbitration.  Therefore, a valid contract between the parties exists.

Second, the dispute does fall within the language of the Arbitration Agreement, which provides:

> The claims covered by this Agreement include, but are not limited to:  claims for wages or other compensation due; claims for breach of any contract or covenant (express or implied); tort claims; claims for discrimination (including, but not limited to race, sex, sexual harassment, sexual orientation, religion, national origin, age, workers' compensation, marital status, medical condition, handicap or disability)....

(Crump. Aff. Exhibit A, p. 4) (emphasis supplied).

It is well settled that the Court should apply a strong presumption in favor of arbitration when considering whether Plaintiff's claims fall within the scope of an arbitration agreement. See Gilmer v. Johnson/Interstate Lines Corp., 500 U.S. 23 (1991).  Additionally, "[a]bsent some ambiguity in the agreement, [ ] it is the language of the contract that defines the scope of disputes subject to arbitration."  EEOC v. Waffle House, Inc., 122 S. Ct. 754, 762 (2002).  There is a well-established presumption of resolving doubts in favor of arbitration.  See Moses H. Cone Mem'l Hosp., 460 U.S. at 24-25 ("The [FAA] establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable clauses should be resolved in favor of arbitration....").  The Third Circuit has recognized and adopted this practice.  See Becker Autoradio U.S.A., Inc. v. Becker Autoradiowerk GmbH, 585 F.2d 39, 44 (3d Cir. 1978) ("any doubts as to whether an

-11-

arbitration clause may be interpreted to cover the asserted dispute should be resolved in favor of arbitration'"). Indeed, courts have recognized that arbitration of claims identical to those raised by the Plaintiff in this matter is permissible under the FAA. In fact, compulsory arbitration of discrimination claims is common. See, e.g., Circuit City Stores, Inc., 532 U.S. at 105 (compelling arbitration of state court employment discrimination action); Willis v. Dean Witter Reynolds, Inc., 948 F.2d 305, 310 (6th Cir. 1991) (compelling arbitration of claims arising under Title VII). In sum, the dispute in this case is arbitrable.

Plaintiff's claims alleged race and disability discrimination under state and federal laws. (Compl. ¶¶ 1, 10, 11; Compl. Exhibits). Plaintiff's claims are expressly included in the scope of the Arbitration Agreement's clear language. (Crump Aff. Exhibit A at 1). Further, Plaintiff raises these claims against Rent-A-Center, an entity involved in interstate commerce. (Crump Aff. ¶ 3). Thus, Plaintiff's claims are covered under the Arbitration Agreement and arbitration of his claims is the appropriate avenue for seeking relief. Id.

### C.    The Present Action Should Be Dismissed.

When, as here, the parties to a dispute have entered into an arbitration agreement that covers all claims brought in a lawsuit, a court can dismiss the action in favor of arbitration. "If a party to a binding arbitration agreement is sued in federal court on a claim that the plaintiff has agreed to arbitrate, it is entitled under the FAA to a stay of the court proceedings pending arbitration ... and to an order compelling arbitration.... If all the claims involved in an action are arbitrable, a court may dismiss the action instead of staying it." Seus v. John Nuveen & Co., Inc., 146 F.3d 175, 179 (3d Cir. 1998). As such, the Third Circuit has ruled that the FAA does not limit dismissal of a case in the proper circumstances and that if all of the issues raised in the district court are arbitrable, dismissal of the case is proper. Smith v. Equitable, 209 F.3d 268, 272 (3d Cir. 2000), abrogated on other grounds by Green Tree Fin. Corp. - Alabama v.

Randolph, 531 U.S. 79, 86 (2000). This Court has repeatedly dismissed cases in the context of employees who agreed to have claims against their employer arbitrated. See Thornburg, 2004 WL 234650, at *1 (finding dismissal of claims was proper based upon arbitration provision in employment contract and thus issuing order compelling arbitration); Pelegrin v. United States Filter Corp., 1998 WL 175880, at *4 (D. Del. Mar. 31, 1998) (granting defendant's motion to dismiss and to compel arbitration based upon arbitration provision in an executive retention agreement). As discussed above, all the claims alleged in the Complaint are arbitrable under the Arbitration Agreement and therefore should be dismissed.

Importantly, Rent-A-Center's Arbitration Agreement in no way precludes Plaintiff from seeking relief of his claims or vindicating his statutorily protected rights. See Gilmer, 500 U.S. at 28 (finding arbitration is an acceptable alternative where plaintiff will have the same substantive rights, including remedies, as in a court of law). The Arbitration Agreement signed by the parties in this case specifies that the arbitrator shall apply the applicable state and/or federal law to the claims, including remedies. (Crump Aff. Exhibit A at 2). Thus, Plaintiff's rights and remedies are the same pursuant to the Arbitration Agreement as they would be in a court of law. As such, since there is a binding Arbitration Agreement between the parties and all of Plaintiff's claims are covered by the Arbitration Agreement, dismissal is appropriate.

-13-

## CONCLUSION

Based upon the foregoing, Rent-A-Center respectfully requests that this Court grant its

motion and dismiss the present action for lack of jurisdiction, as Plaintiff has failed to exhaust

his federal administrative remedies and is subject to a binding arbitration agreement.

*Kelly A Green*

Jennifer C. Jauffret (#3689)
Jauffret@rlf.com
Kelly A. Green (#4095)
Green@rlf.com
Richards, Layton & Finger
One Rodney Square
P. O. Box 551
Wilmington, Delaware  19899

Dated: June 23, 2005

-14-