IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HARVEY P. JAMISON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-26-GMS |
| ) | |
| RENT-A-CENTER, ) | |
| ) | |
| Defendant. ) | |

## AFFIDAVIT OF DONNA CRUMP

STATE OF TEXAS    )
                  ) SS.
COLLIN COUNTY     )

I, Donna Crump, being duly sworn according to law, hereby depose and say:

1. My name is Donna Crump. I understand this Affidavit is being submitted in connection with a lawsuit filed against Rent-A-Center, Inc. ("RAC"), by former employee, Harvey P. Jamison ("Jamison").

2. I am employed as the Director of Coworker Relations with RAC. In this capacity, I am familiar with RAC's business and the process by which RAC obtains and implements arbitration agreements with its employees. I am also the custodian of personnel records for RAC.

3. RAC is a nationwide rent-to-own company that, through retail locations, rents household goods to consumers, including large household appliances, furniture and electronics. RAC is engaged in interstate commerce through, among other things, the sale and shipment of products, interstate communications and the purchase of equipment.

-2-

4.  Since approximately July 2000, RAC has required new employees to execute a mutual agreement to arbitrate claims ("Arbitration Agreement") as a condition of employment. Also since about September 2001, RAC has required employees who receive a promotion to execute the Arbitration Agreement. A true and correct copy of Harvey P. Jamison's Arbitration Agreement, executed by Jamison on August 1, 2002, is attached hereto as Exhibit A. This document is part of Jamison's personnel file and is maintained in the normal course of RAC's regularly conducted business.

5.  The Arbitration Agreement specifically states that "claims covered by this Agreement include, but are not limited to: ... claims for discrimination (including, but not limited to, race ... medical condition, handicap or disability)...." (See Exhibit A, p. 1).

_/s/ Donna Crump_
Donna Crump

SWORN TO AND SUBSCRIBED before me this 22 day of June, 2005.

_/s/ Eva Wadjinny_
Notary Public

# EXHIBIT A

RENT-A-CENTER, INC.

# MUTUAL AGREEMENT TO ARBITRATE CLAIMS

I recognize that differences may arise between Rent-A-Center, Inc. (the "Company") and me during or following my application/assignment/employment, including any/or all periods of employment with the Company and/or separation therefrom, and that those differences may or may not be related to my application/assignment/employment. I understand and agree that by entering into this Agreement to Arbitrate Claims ("Agreement"), I anticipate gaining benefits of a speedy, impartial, final, and binding dispute-resolution procedure.

Except as provided in this Agreement, the Federal Arbitration Act shall govern interpretation, enforcement, and all proceedings pursuant to this Agreement. To the extent that the Federal Arbitration Act is inapplicable, state law pertaining to agreements to arbitrate shall apply.

I understand that any reference in this Agreement to the Company will be a reference also to all parent, subsidiary, and affiliated entities, all benefit plans, the benefit plans' sponsors, fiduciaries, administrators, affiliates, and all successors and assigns of any of them.

### CLAIMS COVERED BY THE AGREEMENT

The Company and I mutually consent to the resolution by arbitration of all claims or controversies ("claims"), past, present or future, whether or not arising out of my application for employment, assignment/employment, or the termination of my assignment/employment that the Company may have against me or that I may have against any of the following: (1) the Company, (2) its officers, directors, employees, or agents in their capacity as such or otherwise, (3) the Company's parent, subsidiary, and affiliated entities, (4) the benefit plans or the plans' sponsors, fiduciaries, administrators, affiliates, and agents, and/or (5) all successors and assigns of any of them.

The only claims that are arbitrable are those that, in the absence of this Agreement, would have been justiciable under applicable state or federal law. The claims covered by this Agreement include, but are not limited to: claims for wages or other compensation due; claims for breach of any contract or covenant (express or implied); tort claims; claims for discrimination (including, but not limited to race, sex, sexual harassment, sexual orientation, religion, national origin, age, workers' compensation, marital status, medical condition, handicap or disability); claims for benefits (except claims under an employee benefit or pension plan that either (1) specifies that its claims procedure shall culminate in an arbitration procedure different from this one, or (2) is underwritten by a commercial insurer which decides claims); and claims for violation of any federal, state or other governmental law, statute, regulation, or ordinance, except claims excluded in the section of this Agreement entitled "Claims Not Covered by the Agreement."

Except as otherwise provided in this Agreement, both the Company and I agree that neither of us shall initiate or prosecute any lawsuit or administrative action (other than an administrative charge of discrimination to the Equal Employment Opportunity Commission, or a similar fair employment practices agency, or an administrative charge within the jurisdiction of the National Labor Relations Board) in any way related to any claim covered by this Agreement.

### CLAIMS NOT COVERED BY THE AGREEMENT

Claims I may have for workers' compensation benefits and unemployment compensation benefits are not covered by this Agreement. Also not covered are claims by the Company for injunctive and/or other equitable relief for unfair competition and/or the use and/or unauthorized disclosure of trade secrets or confidential information, as to which either party may seek and obtain relief from a court of competent jurisdiction.

### TIME UNITS FOR COMMENCING ARBITRATION AND REQUIRED NOTICE OF ALL CLAIMS

The Company and I agree that the aggrieved party must give written notice of any claim to the other party no later than the expiration of the statute of limitations (deadline for filing) that the law prescribes for the claim. Otherwise, the claim shall be

---

MUTUAL AGREEMENT TO ARBITRATE CLAIMS                                    Page 1

RAC-ARBIT 8/00

void and deemed waived. The legal doctrine of tolling, equitable or otherwise, shall not apply to extend the statute of limitations for bringing a claim covered by this Agreement. I understand that I am encouraged to give written notice of any claim as soon as possible after the event or events in dispute so that arbitration of any differences may take place promptly.

Written notice to the Company, or its officers, directors, employees or agents, shall be sent to its home office to the attention of Coworker Relations. I will be given written notice at the last address provided in writing to the Company. The written notice shall identify and describe the nature of all claims asserted and the facts upon which such claims are based and the relief or remedy sought. The notice shall be sent to the other party by certified or registered mail, return receipt requested.

### REPRESENTATION

Any party may be represented by an attorney or other representative selected by the party.

### DISCOVERY

Each party shall have the right to take the deposition of one individual and any expert witness designated by another party. Each party also shall have the right to propound requests for production of documents to any party. The subpoena right specified below shall be applicable to discovery pursuant to this paragraph. Additional discovery may be had only where the arbitrator selected so orders.

### DESIGNATION OF WITNESSES

At least thirty (30) days before the arbitration, the parties must exchange lists of witnesses, including any experts, and copies of all exhibits intended to be used at the arbitration

### SUBPOENAS

Each party shall have the right to subpoena witnesses and documents for the arbitration, as well as documents relevant to the case from third parties.

### ARBITRATION PROCEDURES

The arbitration will be held under the auspices of either the American Arbitration Association ("AAA"), Judicial Arbitration & Mediation Services/Endispute ("J·A·M·S"), or any other service to which the parties agree, with the designation of the sponsoring organization to be made by the party who did not initiate the claim.

The Company and I agree that, except as provided in this Agreement, any arbitration shall be in accordance with the then-current Model Employment Arbitration Procedures of the AAA or equivalent (if AAA is designated), the then-current J·A·M·S Employment Arbitration Rules or equivalent (if J·A·M·S is designated), or the applicable rules of any other service to which the parties mutually agree. The arbitrator shall be either a retired judge, or an attorney who is experienced in employment law and licensed to practice law in the state in which the arbitration is convened (the "Arbitrator"). The arbitration shall take place in or near the city in which I am or was last employed by the Company. The Arbitrator shall be selected as follows: The service selected shall give each party a list of eleven (11) arbitrators drawn from its panel of employment dispute arbitrators. Each party shall have ten (10) calendar days from the postmark date on the list to strike all names on the list it deems unacceptable. If only one common name remains on the lists of all parties, that individual shall be designated as the Arbitrator. If more than one common name remains on the lists of all parties, the parties shall strike names alternately from the list of common names until only one remains. The party who did not initiate the claim shall strike first. If no common name remains on the lists of all parties, the selected service shall furnish an additional list of eleven (11) arbitrators from which the parties shall strike alternately, with the party initiating the claim striking first, until only one name remains. That person shall be designated as the Arbitrator.

The Arbitrator shall apply the substantive law including, but not limited to applicable statutes of limitations (and the law of remedies, if applicable) of the state in which the claim arose, or federal law, or both, as applicable to the claim(s) asserted. The Arbitrator is without jurisdiction to apply any different substantive law or law of remedies. The Federal Rules of Evidence shall apply. The Arbitrator, and not any federal, state, or local court or agency, shall have exclusive authority to resolve any dispute relating to the interpretation, applicability, enforceability or formation of this Agreement including, but not limited to any claim that

all or any part of this Agreement is void or voidable. The arbitration shall be final and binding upon the parties, except as provided in this Agreement.

The Arbitrator shall have jurisdiction to hear and rule on pre-hearing disputes and is authorized to hold pre-hearing conferences by telephone or in person as the Arbitrator deems necessary. The Arbitrator shall have the authority to entertain a motion to dismiss and/or a motion for summary judgment by any party and shall apply the standards governing such motions under the Federal Rules of Civil Procedure and applicable federal common law. The arbitrator shall be paid an agreed upon hourly rate for the time spent reviewing and ruling on such motions, and such fee shall be paid by the moving party unless otherwise ordered by the Arbitrator or otherwise required by law.

Either party, at its expense, may arrange for and pay the cost of a court reporter to provide a stenographic record of proceedings. Should any party refuse or neglect to appear for or participate in, the arbitration hearing, the Arbitrator shall have the authority to decide the dispute based upon whatever evidence is presented. Either party, upon request at the close of hearing, shall be given leave to file a post-hearing brief. The time for filing such a brief shall be set by the Arbitrator.

The Arbitrator shall render an award by written opinion in the form typically rendered in labor arbitrations no later than thirty (30) days from the date the arbitration hearing concludes or the post-hearing briefs (if requested) are received, whichever is later. The opinion shall be in writing and include the factual and legal basis for the award.

Either party shall have the right, within twenty (20) days of issuance of the Arbitrator's opinion, to file with the Arbitrator a motion to reconsider (accompanied by a supporting brief), and the other party shall have twenty (20) days from the date of the motion to respond. The Arbitrator thereupon shall reconsider the issues by the Motion and promptly either confirm or change the decision, which (except as provided by this Agreement) shall then be final and conclusive upon the parties. The costs of such a motion for reconsideration and written opinion of the Arbitrator shall be borne by the party prevailing on the motion, unless the Arbitrator orders otherwise.

### ARBITRATION FEES AND COSTS

The Company and I shall equally share any filing fees and the cost of the Arbitrator's fee, in the amount and manner determined by the Arbitrator, ten (10) days before the first day of hearing. Each party shall pay for its own costs and attorneys' fees, if any. However, if any party prevails on a statutory claim which affords the prevailing party attorneys' fees, or if there is a written agreement providing for fees, the Arbitrator may award reasonable fees to the prevailing party. In the event the law of the jurisdiction in which the arbitration is held requires a different allocation of fees and costs in order for this Agreement to be enforceable, then such law shall be followed.

### JUDICIAL REVIEW

Either party may bring an action in any court of competent jurisdiction to compel arbitration under this Agreement and to enforce an arbitration award. A party opposing enforcement of an award may bring a separate action in any court of competent jurisdiction to set aside the award, where the standard of review will be the same as that applied by an appellate court reviewing a decision of a trial court sitting without a jury.

### INTERSTATE COMMERCE

I understand and agree that the company is engaged in transactions involving interstate commerce and that my assignment/employment with the Company involves such commerce.

### REQUIREMENTS FOR MODIFICATION OR REVOCATION

This Agreement to arbitrate shall survive the termination of my assignment/employment and the expiration of any benefit. It can only be revoked or modified by a writing signed by the parties which specifically states an intent to revoke or modify this Agreement.

### SOLE AND ENTIRE AGREEMENT

This is the complete agreement of the parties on the subject of arbitration of disputes. This Agreement supersedes any prior or contemporaneous oral or written understandings on the subject. No party is relying on any representations, oral or written, on the subject of the effect, enforceability, or meaning of this Agreement, except as specifically set forth in this Agreement. All remaining provisions shall remain in full force and effect.

## CONSTRUCTION

If any provision of this Agreement is adjudged to be void or otherwise unenforceable, in whole or in part, such adjudication shall not affect the validity of the remainder of the Agreement. All remaining provisions shall remain in full force and effect.

## CONSIDERATION

The promises by the Company and by me to arbitrate differences, rather than litigate them before courts or other bodies, provide consideration for each other.

## NOT AN EMPLOYMENT AGREEMENT

This Agreement is not, and shall not be construed to create, any contract of employment, express or implied. Nor does this agreement in any way alter the "at-will" status of my assignment/employment.

## AGREEMENT

I ACKNOWLEDGE THAT I HAVE CAREFULLY READ THIS AGREEMENT; THAT I UNDERSTAND ITS TERMS; THAT ALL UNDERSTANDINGS AND AGREEMENTS BETWEEN THE COMPANY AND ME RELATING TO THE SUBJECTS COVERED IN THE AGREEMENT ARE CONTAINED IN IT; AND THAT I HAVE ENTERED INTO THE AGREEMENT AND NOT IN RELIANCE ON ANY PROMISES OR REPRESENTATIONS BY THE COMPANY OTHER THAN THOSE CONTAINED IN THIS AGREEMENT ITSELF. I UNDERSTAND THAT BY SIGNING THIS AGREEMENT I AM GIVING UP MY RIGHT TO A JURY TRIAL.

I FURTHER ACKNOWLEDGE THAT I HAVE BEEN GIVEN THE OPPORTUNITY TO DISCUSS THIS AGREEMENT WITH MY PRIVATE LEGAL COUNSEL AND HAVE AVAILED MYSELF OF THAT OPPORTUNITY TO THE EXTENT I WISH TO DO SO.

_____     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
APPLICANT/EMPLOYEE SIGNATURE        SOCIAL SECURITY NUMBER

Harvey Jamison                      8/1/02
PRINT NAME                          DATE

_____     Assist. Mgr.
STORE MANAGER OR OTHER AUTHORIZED   TITLE OF REPRESENTATIVE
COMPANY REPRESENTATIVE

---
MUTUAL AGREEMENT TO ARBITRATE CLAIMS                               Page 4

**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

**CERTIFICATE OF SERVICE**

I hereby certify that on June 23, 2005, I electronically filed the foregoing Affidavit of Donna Crump with the Clerk of Court using CM/ECF which will send notification of such filing to the following and on June 23, 2005 mailed, via first class mail, postage prepaid, copies of the same to:

>   Harvey P. Jamison, *pro se*
>   4 Nethy Drive
>   Newark, Delaware  19711

>   /s/ Kelly A. Green
>   Kelly A. Green (#4095)
>   Green@rlf.com
>   Richards, Layton & Finger
>   One Rodney Square
>   P. O. Box 551
>   Wilmington, Delaware  19899
>   (302) 651-7700
>   Attorneys for Defendants

RLF1-2891570-1