IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HARVEY JAMISON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-26-GMS |
| | ) | |
| RENT-A-CENTER, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**REPLY BRIEF IN SUPPORT OF**
**DEFENDANT'S MOTION TO DISMISS**

                        Jennifer C. Jauffret (#3689)
                        Jauffret@rlf.com
                        Kelly A. Green (#4095)
                        Green@rlf.com
                        Richards, Layton & Finger
                        One Rodney Square
                        P. O. Box 551
                        Wilmington, Delaware 19899
                        (302) 651-7700
                        Attorneys for Defendant

Dated:   July 12, 2005

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................... ii

INTRODUCTION ....................................................................................................................1

ARGUMENT ............................................................................................................................3

    I.    ALL OF PLAINTIFF'S CLAIMS ARE SUBJECT TO ARBITRATION,
        THUS THIS ACTION MUST BE DISMISSED ................................................3

        A.    Plaintiff's Claims Are Subject To Arbitration Pursuant To The Plain
            Language Of The Arbitration Agreement ................................................3

        B.    Arbitration Will Provide Plaintiff With The Same Rights As
            Litigation. ..................................................................................................7

        C.    All Of Plaintiff's Claims Are Subject To Arbitration; Therefore,
            Dismissal, Not A Stay Pending Arbitration Or A Bifurcation Of His
            Claims, Is Appropriate. ............................................................................7

CONCLUSION .........................................................................................................................9

# TABLE OF AUTHORITIES

## CASES

*Allen v. Howmedica Leibinger, Inc.*,
  197 F. Supp. 2d 101 (D. Del. 2002), aff'd, 54 Fed. Appx. 697 (Fed. Cir. 2003) .......... 5

*Detroit Medical Ctr. v. Provider Healthnet Services, Inc.*,
  269 F. Supp. 2d 487 (D. Del. 2003) .......... 3

*Gilmer v. Interstate/Johnson Lane Corp.*,
  500 U.S. 20 (1991) .......... 3, 7

*Johnson & Johnson-Merck Consumer Pharms. Co. v. Rhone-Poulenc Rorer Pharms, Inc.*,
  19 F.3d 125 (3d Cir. 1994) .......... 5

*Parfi Holding AB v. Mirror Image Internet, Inc.*,
  817 A.2d 149 (Del. 2002) .......... 3

*SBC Interactive, Inc. v. Corporate Media Partners*,
  714 A.2d 758 (Del. 1998) .......... 3

*Seus v. John Nuveen & Co., Inc.*,
  146 F.3d 175 (3d Cir. 1998) .......... 7

## INTRODUCTION

On June 23, 2005, Rent-A-Center, Inc. ("Rent-A-Center") moved to dismiss the Complaint of plaintiff Harvey Jamison ("Plaintiff").[1] On June 29, 2005, Plaintiff filed Harvey Jamison's Motion Not To Dismiss Complaint To Arbitration ("Answering Brief"). This is Rent-A-Center's Reply Brief in Support of Defendant's Motion to Dismiss Jamison's Complaint in which Rent-A-Center asserts the Complaint should be dismissed due to the presence of a valid and binding mutual agreement to arbitrate ("Arbitration Agreement") entered into by the parties.

In the Opening Brief, Rent-A-Center also argued Plaintiff's Complaint should be dismissed because Plaintiff failed to obtain the requisite Right to Sue Letter from the Equal Employment Opportunity Commission of the United States ("EEOC"). Since the time Rent-A-Center moved to dismiss Plaintiff's Complaint and filed its Opening Brief, Rent-A-Center has received notice from the EEOC that the EEOC granted Plaintiff a Right to Sue Letter. The EEOC issued the Right to Sue Letter on July 5, 2005, and the Right to Sue Letter was recently received by Rent-A-Center. As such, Rent-A-Center respectfully waives the argument it made previously that the Complaint should be dismissed because Plaintiff failed to exhaust required administrative remedies. Nevertheless, Rent-A-Center continues to assert the Complaint should be dismissed on the other ground asserted in the Opening Brief and herein.

Specifically, in the Complaint, Plaintiff raises only claims of employment discrimination based upon his race and alleged disability pursuant to Title VII of the Civil Rights Act of 1964, as amended, the Americans with Disabilities Act of 1991, as amended, the Delaware Handicapped Persons in Employment Protections Act, and the Delaware Discrimination in Employment Act. (Compl. and Compl. Exhibits).

---

[1] Defendant Rent-A-Center's Opening Brief in Support of Defendant's Motion To Dismiss is cited to herein as "Opening Brief."

1

Plaintiff is bound by the Arbitration Agreement, which clearly and unambiguously requires arbitration for the types of discrimination claims that Plaintiff alleges in his Complaint. Mistakenly, *pro se* Plaintiff argues that because he was terminated for violating Rent-A-Center's policy prohibiting employee competition against Rent-A-Center, he can bring a claim outside of arbitration. However, Plaintiff has not alleged, nor could he, that Rent-A-Center engaged in any unfair competition. Thus, he has no "claim" for unfair competition. As such, Plaintiff's argument that his discrimination claims also amount to an unfair competition claim is a red herring. Plaintiff alleges that his termination for violating Rent-A-Center's policy prohibiting employee competition is a pretext for discrimination. Indeed, Plaintiff has not pled (nor can he) the basic elements of an unfair competition claim, which would require that Plaintiff allege that he owned a business and such business was damaged by deceptive practices of Rent-A-Center. His Complaint and Answering Brief do not contain any such allegations. Therefore, Plaintiff has not made, and is not making, an unfair competition claim against Rent-A-Center. Rather, Plaintiff only attempts to paint his discrimination claim as an unfair competition claim to avoid arbitration. However, because Plaintiff has only alleged discrimination claims, his Complaint should be dismissed in favor of arbitration.

## ARGUMENT

I. **ALL OF PLAINTIFF'S CLAIMS ARE SUBJECT TO ARBITRATION, THUS THIS ACTION MUST BE DISMISSED.**

   A. **Plaintiff's Claims Are Subject To Arbitration Pursuant To The Plain Language Of The Arbitration Agreement.**

Plaintiff's Complaint must be dismissed because the Arbitration Agreement is a valid and binding contract under which Plaintiff's claims squarely fall. (Crump Aff. Exhibit A). When determining arbitrability, courts are limited to ascertaining whether the dispute is one that falls within the scope of the arbitration clause of the contract. Detroit Med. Ctr. v. Provider Healthnet Servs., Inc., 269 F. Supp. 2d 487, 491 (D. Del. 2003) (citing SBC Interactive, Inc. v. Corporate Media Partners, 714 A.2d 758, 761 (Del. 1998)). As outlined in Rent-A-Center's Opening Brief, when the arbitrability of a claim is contested, the court is faced with only two issues:

- First, the court must determine whether the arbitration clause is broad or narrow in scope.

- Second, the court must apply the relevant scope of the provision to the asserted legal claim to determine whether the claim falls within the scope of the contractual provisions that require arbitration.

Parfi Holding AB v. Mirror Image Internet, Inc., 817 A.2d 149, 155 (Del. 2002). See also Detroit, 269 F. Supp. 2d at 492. In connection with such analysis, there is a strong presumption that claims should be arbitrated and fall within the scope of an arbitration agreement. See Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20 (1991).

Plaintiff has brought claims for alleged race and disability discrimination, both of which are expressly covered by the language of the Arbitration Agreement. (See Compl. ¶¶ 1, 10, 11; Compl. Exhibits; Crump Aff. Exhibit A at 1). According to Plaintiff's Complaint, the attached Exhibits thereto, and an expansive reading of his allegations, he seeks relief only under Title VII of the Civil Rights Act of 1964, as amended, the Americans with Disabilities Act of 1991, as amended, the Delaware Handicapped Persons in Employment Protections Act, and the Delaware

3

Discrimination in Employment Act. Specifically, in his Complaint, Plaintiff alleges the following discriminatory acts:

- "Forced to take a company physical and then terminated from employment the same day, after returning with the results from the doctor." (Compl. at ¶ 10).

- "[T]reated differently on bereavement leaves" because of race. (Compl. at ¶ 10).

- "Because of race, manager <u>does not</u> terminate Spanish employee who engaged in the exact activity of violating company policy I was falsely accused of." (Compl. at ¶ 10) (emphasis in original).

The Arbitration Agreement clearly covers these types of claims, as it specifically provides in unambiguous, user-friendly layman's terms:

> The claims covered by this Agreement include, but are not limited to: claims for wages or other compensation due; claims for breach of any contract or covenant (express or implied); tort claims; <u>claims for discrimination</u> (including, but not limited to <u>race</u>, sex, sexual harassment, sexual orientation, religion, national origin, age, workers' compensation, marital status, <u>medical condition, handicap or disability</u>)....

(Crump Aff. Exhibit A, p. 4) (emphasis supplied). As such, Plaintiff's race and disability discrimination claims are expressly encompassed by the Arbitration Agreement, which requires arbitration for these types of claims.

Moreover, a common-sense analysis of Plaintiff's argument illustrates that Plaintiff's claims are not really unfair competition claims. An employee would have no basis for bringing an unfair competition claim against an employer. Indeed, the elements of an unfair competition claim are generally recognized under federal statute and require plaintiff to show:

> (1) defendant made false or misleading statements as to its product, or those of the plaintiff; (2) there was actual deception or at least a tendency to deceive a substantial portion of the intended audience; (3) the deception was material in that it is likely to influence purchasing decisions; (4) the advertised goods traveled in interstate commerce; and (5) there is a likelihood of injury to the plaintiff in terms of declining sales, loss of good will, etc.

4

RLF1-2896036-3

See <u>Allen v. Howmedica Leibinger, Inc.</u>, 197 F. Supp. 2d 101, 108 (D. Del. 2002), <u>aff'd</u>, 54 Fed. Appx. 697 (Fed. Cir. 2003) (citing <u>Johnson & Johnson-Merck Consumer Pharms. Co. v. Rhone-Poulenc Rorer Pharms, Inc.</u>, 19 F.3d 125, 129 (3d Cir. 1994) (noting the elements to bring a suit for unfair competition under the Lanham Act)). Plaintiff has made no such allegations in his Complaint or Answering Brief of unfair competition, and he cannot make such allegations, because this cause of action is reserved for a different type of situation than the alleged discriminatory actions of which Plaintiff complains. This is further supported by the fact that the Rent-A-Center policy to which Plaintiff refers in his Answering Brief only prohibits Plaintiff from engaging in unfair competition. (Answering Brief Exhibit 2). The simple reason for this is that Rent-A-Center would have nothing to gain by unfairly competing against itself.

Plaintiff alleges he was terminated due to unfair competition against Rent-A-Center. However, this is irrelevant for purposes of determining the applicability of the Arbitration Agreement. Plaintiff only raises unfair competition to the extent he argues that it was used as a pretext for Rent-A-Center's alleged discrimination against him. (Compl. at ¶ 10). Plaintiff is claiming that Rent-A-Center's decision to terminate him was not truly based upon his competing activities but was actually based upon his race or alleged disability. <u>Id.</u> Nevertheless, even if he was challenging the decision to terminate him for violating the unfair competition policy, that would be akin to a wrongful termination claim, not an unfair competition claim. Further, even if he was making a wrongful termination claim, such a claim would still be subject to arbitration because all state and federal claims (other than those specifically enumerated as not being covered) are subject to arbitration. (Crump. Aff. Exhibit A at 1). However, because Plaintiff is only seeking relief based on allegations of race and disability discrimination, which clearly fall within the scope of the Arbitration Agreement, Plaintiff's Complaint must be dismissed in its entirety in favor of arbitration.

RLF1-2896036-3

Nevertheless, assuming *arguendo* that this Court determined that Plaintiff's allegations are tantamount to an unfair competition claim, the Arbitration Agreement only permits Rent-A-Center, not Plaintiff, to bring an unfair competition claim outside of arbitration.[2] The Arbitration Agreement contains a provision that specifically outlines which claims fall outside its scope. That provision states:

> CLAIMS NOT COVERED BY THE AGREEMENT
>
> ... Also not covered are claims <u>by the Company</u> for injunctive and/or other equitable relief <u>for unfair competition</u> and/or the use and/or unauthorized disclosure of trade secrets or confidential information, as to which either party may seek and obtain relief from a court of competent jurisdiction.

(Crump Aff. Exhibit A at 1) (emphasis supplied). As such, the plain language of the Arbitration Agreement only exempts the "Company," <u>i.e.</u>, Rent-A-Center, from arbitration of unfair competition claims, not employees. This reading is buttressed by the language in the Arbitration Agreement that requires Plaintiff to arbitrate all "claims for violation of any <u>federal</u>, <u>state</u> or other governmental <u>law</u>, <u>statute</u>, regulation, or ordinance, <u>except claims excluded</u> in the section of this Agreement entitled 'Claims Not Covered by the Agreement.'" (Crump Aff. Exhibit A at 1) (emphasis supplied). In sum, Plaintiff's claims do not fall under the specific "Claims Not Covered by the Agreement" provision; rather, they are subsumed under both the language that requires the arbitration of discrimination claims and the general language that all "claims for violation of any federal, state or other governmental law" must be arbitrated.

---

[2] This language is not unduly onerous to employees because, based on the nature of the claim as outlined above, employees do not traditionally assert claims for injunctive relief for unfair competition in the employment setting.

### B. Arbitration Will Provide Plaintiff With The Same Rights As Litigation.

In Plaintiff's Answering Brief, he argues that he is entitled to "seek and obtain relief from a court of competent jurisdiction." Given the fact that the scope of the Arbitration Agreement covers all of his discrimination claims, by signing that Arbitration Agreement, Plaintiff waived his right to be heard by this Court. Nonetheless, an arbitral forum will provide Plaintiff with the same substantive rights he would have in this Court. See Gilmer, 500 U.S. 20 at 26 ("By agree[ment] to arbitrate a statutory claim, a party does not forego the substantive rights afforded, . . . it only submits to their resolution in an arbitral, rather than a judicial, forum.") (internal quotations omitted).

As such, any plea by Plaintiff that he will be unable to obtain relief on his claims is without merit and, therefore, the Complaint should be dismissed.

### C. All Of Plaintiff's Claims Are Subject To Arbitration; Therefore, Dismissal, Not A Stay Pending Arbitration Or A Bifurcation Of His Claims, Is Appropriate.

Plaintiff argues that "[i]t is not in the best interest of either party to separate the claims in this lawsuit, whereby having the unfair competition claims and conflicts of interest claim heard in the District Court and the discrimination claims of race and disability heard by arbitration." (Answering Brief at 2). However, two proceedings are not required nor necessary here. Plaintiff makes no unfair competition or conflict of interest claims as his claims are only for employment discrimination.

Rather, as Rent-A-Center argued in its Opening Brief and herein, all of Plaintiff's claims must be dismissed because all of his claims are subject to arbitration. (Opening Brief at 12-13). The Third Circuit has made clear that in instances in which all claims fall within the scope of the an arbitration agreement, dismissal is appropriate. Seus v. John Nuveen & Co., Inc., 146 F.3d 175, 179 (3d Cir. 1998). So too here. As all of Plaintiff's claims are subject to arbitration,

7

Plaintiff is not without relief. He need not, and should not be allowed to, pursue two separate actions when an arbitral forum can provide him with full and complete relief on all claims. Thus, the Court should dismiss this action in its entirety.

## CONCLUSION

For the foregoing reasons, Rent-A-Center respectfully requests that this Court grant its motion and dismiss the present action as Plaintiff has raised claims that are subject to a binding arbitration agreement.

                                                 /s/ Kelly A. Green
                                        Jennifer C. Jauffret (#3689)
                                        Jauffret@rlf.com
                                        Kelly A. Green (#4095)
                                        Green@rlf.com
                                        Richards, Layton & Finger
                                        One Rodney Square
                                        P. O. Box 551
                                        Wilmington, Delaware 19899

Dated: July 12, 2005

## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I hereby certify that on July 12, 2005, I electronically filed the foregoing Reply Brief in Support of Defendant's Motion to Dismiss with the Clerk of Court using CM/ECF which will send notification of such filing to the following and on July 12, 2005, mailed, via first class mail, postage prepaid, copies of the same to:

> Harvey P. Jamison, *pro se*
> 4 Nethy Drive
> Newark, Delaware 19711

/s/ Kelly A. Green
Kelly A. Green (#4095)
Green@rlf.com
Richards, Layton & Finger
One Rodney Square
P. O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
Attorneys for Defendant